CHRIST AND MARTIN HAVEREBAKKEN v. THE STATE.

No. 4471. Decided May 9. 1917.

**1.—Affray—Charge of Court—Variance.**

Where the indictment charges the defendants with having committed an affray by fighting with another in a public place, it was reversible error in the charge of the court to instruct the jury that, if defendants in a public place fought with each other, to convict, as this was not the offense charged in the indictment.

**2.—Same—Self-defense—Force Used—Charge of Court.**

Upon trial of an affray, the issue of more or less force or the use of greater force than was necessary to prevent an assault would not make it an affray, because if defendants had the right of self-defense against an assault by another, there would be no affray. Following Coyle v. State, 72 S. W. Rep., 847.

**3.—Same—Evidence—Knowledge of Defendants—Public Place.**

Upon trial of an affray, testimony that the party alleged to have been assaulted had authority from the Commissioners Court to haul gravel and sand from the road bed of a public road, should not have been admitted, as this was not known to the defendants when they found the party trespassing upon their property; besides, the court should have instructed the jury what it takes to constitute a public place, etc.

Appeal from the County Court of Bosque. Tried below before the Hon. W. A. York.

Appeal from a conviction of an affray in a public place; penalty, a fine of fifty dollars.

The opinion states the case.

No brief on file for appellants.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellants were tried on separate indictments for an affray with Isaac Solberg in a public place, towit: in, along and in view of a public road. Then follows a description of the road.

While separate indictments were returned against them, they were both tried before the same jury at the same time. No point is made, however, with reference to this matter. The evidence discloses that Solberg was getting gravel and sand from a creek near an old public road. The land belonged to appellants, except in so far as it was covered by the road. Solberg claimed to be hauling the sand by permission from a county commissioner. This county commissioner testified that he only gave Solberg permission to haul sand and gravel from the roadbed and not from any land outside or away from the roadbed. He states he had given others permission also, and this grew out of the fact that a rise in the creek had washed gravel and sand over the roadbed and he wished it removed. Where Solberg was getting the sand was not on the roadbed but some steps away from it. While the distance is not stated, there are facts from which it may be presumed or inferred that he was getting the sand at least thirty or forty-five feet maybe from the roadbed. While Solberg was loading his wagon with the sand appellants came up. Words ensued, resulting in a fight. The issue as to who began the fight or occasioned it is in direct conflict. Solberg's statement is while he was loading his wagon with the sand the two appellants came down to where he was, one of them approaching him rapidly, and he struck this one with his shovel, and the fight ensued. One of the appellants testified he did not engage in the fight; that when the lick was inflicted with the shovel he took it away from Solberg and the fight occurred then between the other appellant and Solberg. Appellants' side of the case is that when they came upon Solberg getting the sand they ordered him away, stating that it was their sand and he should not take it. Solberg told them to go to hell, and struck with the shovel and the fight ensued.

The court did not submit the first count, which charged an assault and battery, but submitted the second count, which charged an affray. Several exceptions were reserved to the charge, some of which were well taken. Illustrative of the charge this quotation is made wherein the court submitted the issue to the jury: "Now if you believe from the evidence before you, beyond a reasonable doubt, that the defendants, Christ Haverbekken and Martin Haverbekken, as alleged in the indictment, on or about the 1st day of December, 1916, in the County of Bosque and State of Texas, did fight in a public place, then it becomes your duty to find the defendants guilty and assess the punishment of each at a fine of not exceeding one hundred dollars." The indictment charged appellants with having committed an affray by fighting with Isaac Solberg in a public place. There is no charge against the two Haverebakkens for fighting with each other in a public place. This charge authorized a conviction for a state of case neither charged in

the indictment nor proved by the facts. The court also in the charge instructed the jury that if appellants did not as alleged commit the offense of an affray in a public place as alleged in the indictment on the 1st day of December, etc., then they should acquit. After giving this charge the court also instructed the jury with reference to the law of self-defense and instructed them that if appellants did not use greater force than was necessary to prevent said assault. they would find appellants not guilty. Exception was reserved to this portion of the charge which we think was well taken. If Solberg assaulted them they had a right to defend, and the question of an affray passed out of the case. The issue of more or less force or the use of greater force than was necessary to prevent such assault would not make it an affray. If they had a right to defend it would not be an assault. Coyle v. State, 72 S. W. Rep., 847. If appellants had the right to defend against an assault which was made by Solberg, and it was in fact a case of self-defense, then there would be no affray, and the question of more or less force would not enter into the case. If they had been tried for an assault and battery, then under some circumstances that issue could be raised, but they were not tried for an assault and battery. That issue was withdrawn from the consideration of the jury and was not submitted. Then the case turned alone upon the question of an affray. Where the right of self-defense accrues, the issue of more or less force does not make it an affray. An exception was reserved to the court's charge and special charge asked covering this question, which was refused and exception also reserved to the refusal of the court to give the requested charge.

An exception was reserved also to the court's ruling permitting the county commissioner to testify that he had given Solberg authority to haul gravel and sand from the roadbed, and his testimony is to this effect. This should have been sustained. This was not known to the defendants, and when they found him trespassing upon what they thought to be their property they were not aware of the fact that Solberg had obtained permission from the county commissioner to take the sand and gravel. Solberg was not being tried for trespassing on property, but appellants were being tried for an affray with Solberg. This matter should have been looked at and tried from the standpoint of the defendants and what they knew and upon which they acted. But the commissioner further testified that he did not give Solberg authority to go upon the land of appellants, but confined his authority to Solberg to take gravel and sand from the public roadbed and not outside of the roadbed. The court should have instructed what it takes to constitute a public place, under the accusation against appellants, and if the question should come again as to Solberg's authority to take gravel and sand by virtue of the permission of the commissioner, then the jury should be instructed that Solberg would have no right to take sand and gravel except from the roadbed as the commissioner authorized. The county commissioner is not clothed with authority to

authorize anyone to go upon the land of a private citizen and take his property. The Constitution and laws provide that property may be taken for public use upon adequate compensation being made, but in no event could the Commissioners Court or any constituted authority authorize one citizen to take the property of another for private use, with or without compensation.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*